

**VIA ECF**
Hon. Vincent Briccetti

June 2, 2022

Re: Salguero v. CM Enterprises et al

Your Honor:

    This firm represents Plaintiff Salguero the above-referenced matter. Plaintiff writes jointly with Defendants to request Court approval of their settlement pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015).

    The Parties have agreed to a Settlement Agreement and Release for the plaintiff ("The Agreement"), attached hereto as Exhibit A, which resolves all of Plaintiff's wage and hour claims against Defendants. The Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement, and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement.

    The Agreement is the result of arms-length bargaining between the Parties. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiffs' claims asserted in this case as outlined more specifically in the attached Agreement. The Parties have concluded that the Agreement is fair, reasonable, adequate, and in the Parties' mutual best interests.

    Plaintiff intends to file a Stipulation of Dismissal with prejudice once full payment has been received by Plaintiff and Plaintiff's Counsel, as stipulated by the Agreement. Accordingly, we respectfully request that Your Honor does not dismiss this case until the stipulation has been filed with the Court.

    For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that that Court enter an Order approving the settlement as fair and reasonable.

*Lina Stillman, Esq.*

42 Broadway, 12th Floor, New York, NY 10004

P: 212-203-2417    www.FightForUrRights.com

### I. Statement of the Case

This is an action for money damages brought by Plaintiff. Plaintiff filed a Complaint in this action, alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and violations of the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"). Plaintiff was employed at Defendants' restaurant in Rockland County, by the name "Luigi O'Grady's.

Plaintiff alleges Defendants violated the FLSA and the NYLL by failing to pay her appropriate minimum wage and overtime compensation, and violated the NYLL by failing to provide the required notices and wage statements.

Defendants deny these allegations, and dispute each and every one of Plaintiff's claims.[1] Defendant specifically dispute that Plaintiff worked the number of years, as well as the number of days and number of hours, alleged in the Complaint. Defendant also deny any violation of the FLSA and/or the NYLL. Defendants assert that Plaintiff was paid an hourly rate that was at or above the statutory minimum wage rate throughout the period of her employment, and that if Plaintiff worked any overtime hours, she was properly compensated for her time.

The Parties acknowledge there are risks to both sides in proceeding with litigation, as well as significant burdens and expenses in establishing their respective positions through a trial.

### II. The Proposed Settlement is Fair and Reasonable

Under the settlement, Defendants will pay Plaintiffs a total sum of $25,000 to settle all her wage-and-hour claims. Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved."). Here, the Parties' counsel engaged in extensive telephonic and electronic settlement negotiations over the course of several weeks but were able to come to an agreement in a relatively short amount of time.

Plaintiffs believe that this settlement is a fair and adequate result, and it should be approved as a fair settlement. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should

---

[1] The Parties have agreed to settle this matter prior to the time for Defendants to answer the Complaint.

approve the settlement."). Plaintiff herself ultimately chose the certainty of an agreed-upon settlement, which also allowed her to avoid the uncertainties of trial.

Section 7 of the Agreement contains a limited release by Plaintiff, concerning only the wage-and-hour claims that were asserted or could have been asserted by Plaintiff in the complaint, in compliance with the requirements of *Cheeks*. Section 10 of the Agreement, pursuant to which the Parties mutually agree not to disparage each other, does not overreach. The provision expressly states, "Nothing in this Agreement shall be construed to keep the terms and conditions of this Agreement confidential." Further, Section 10 of the Agreement contains the required carve-out for truthful statements about Plaintiff's experience litigating her case, and was crafted to comport with that limitation on permissible non-disparagement agreements, while satisfying the needs of the Parties to bring finality to their dispute. *See See Zelidon v. Staubitz Meat Market, Inc.,* No. 21 CV 476 (EK) (LB), 2021 WL 4942950, at *3 (E.D.N.Y Sept. 14, 2021), *adopted by* No. 21 CV 476 (EK) (LB), 2021 WL 4942800, at *4 (E.D.N.Y Oct. 21, 2021); *Alvarez v. Delicias Tropical Restaurant Inc.,* No. 20 CV 3224 (LDH) (LB), 2021 WL 7185501, at *3 (E.D.N.Y May 5, 2021).

Further, while this action was pleaded as a collective action under the FLSA, it has not been prosecuted as such. There has been no publicity by the Parties concerning this matter, and no notice has been sent to any collective. Consequently, there is no prejudice to any potential member of a collective who is not a party to the Agreement.

### III. Plaintiffs' Attorney's Fees are Fair and Reasonable

Under the settlement, the Plaintiffs' counsel will receive $8,870.00 from the total settlement amount as attorney's fees. This represents a third (33.33%) of the settlement amount and constitutes the number reflected in the retainer agreement with Plaintiff, which includes costs of $537.00

The amount provided to the Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff's attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

There is ample authority in this circuit holding that a 33.33% attorneys' fee is well within the range of fees typically awarded in wage and hour cases. *See Castaneda v. My Belly's Playlist LLC*, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 2015) (awarding the Plaintiff's attorneys a contingency fee of one-third to account for risks in litigation); *Calle v. Elite Specialty Coatings Plus, Inc.*, No. 13-CV-6126 NGG VMS, 2014 WL 6621081, at *9 (E.D.N.Y. Nov. 2014) ("A

Hon. Vincent Briccetti
Southern District of New York
June 2, 2022
Page 4

one-third contingency fee is a commonly accepted fee in this Circuit."); *Clark v. Ecolab, Inc.*, No. 07 Civ. 8623 (PAC), 2010 WL 1948198, at *8-9 (S.D.N.Y. May 11, 2010) (awarding 33% of $6 million settlement fund in FLSA and multi-state wage and hour case); *McMahon v. Olivier Cheng Catering & Events, LLC*, No. 08 Civ. 8713 (PGG), 2010 WL 2399328, at *7 (S.D.N.Y. Mar. 3, 2010) (awarding 33% of the $400,000 settlement fund); *deMunecas v. Bold Food, LLC*, 2010 WL 3322580, at *4 (S.D.N.Y. Aug. 23, 2010) (awarding 33% of an $800,000 fund in an FLSA case); *Beckman v. KeyBANK, NA*, 293 F.R.D. 467, 481 (S.D.N.Y.2013) (awarding 33% of a $4.9 million settlement fund which amounted to $1.6 million in an FLSA class action).

Given Plaintiffs' counsel's significant experience representing plaintiffs in New York in wage and hour litigation, Plaintiffs' counsel obtained an excellent result with relatively low time and expense. A brief biography of the attorney who performed billed work in this matter is as follows:

> a. Lina Stillman and has been practicing law since 2012.  From 2012-2015, she was an associate at two (2) law firms where she practiced exclusively in the areas of Labor and Employment with emphasis on wage and hour litigation.
>
> She opened her law firm in response to the immigrant community's need for Spanish and Portuguese-speaking attorneys to care for their interests exclusively. Miss Stillman speaks fluent Spanish, Italian and Portuguese.
>
> She is an active member of the LGBT Rights Committee of the New York City Bar Association and active Pro Bono Counsel at the Associations Bankruptcy Clinic, and the New York Chapter of the National Employment Lawyers Association.

## **Conclusion**

Plaintiff was represented by counsel throughout this lawsuit, and Plaintiff's counsel has agreed to the settlement amount based on the approval of her client.  Plaintiffs' interests have thus been adequately safeguarded.  In full consideration of all the issues, we believe that the Parties' agreement is fair and reasonable, and that the settlement should be approved.

Should Your Honor have any questions or concerns regarding this settlement, the Parties are happy to address them. The Parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/Lina Stillman