## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made this ___ day of May 2022, by and between the Defendants CM Enterprises of Rockland, Inc., and Michelle Worob (sued here as "Michelle Worab"), jointly and severally ("DEFENDANTS"), and Plaintiff Xiomara Perez Salguero ("PLAINTIFF") (hereinafter the "Parties").

## RECITALS

WHEREAS, on January 17, 2022, PLAINTIFF initiated legal action against the DEFENDANTS in the United States District Court, Southern District of New York, such case being styled, *Perez Salguero v. CM Enterprises of Rockland, Inc., et al.*, Docket No. 7:22-cv-00411-VB (the "Lawsuit"), and

WHEREAS, in this Lawsuit, PLAINTIFF alleged, among other things, that DEFENDANTS failed to pay her minimum wage in connection with services that she performed on DEFENDANTS' behalf, failed to provide her with wage notices, and further failed to provide her with accurate statements of wages; and

WHEREAS, no Court has considered or determined the claims presented; and

WHEREAS, DEFENDANTS deny PLAINTIFF'S allegations in their entirety and admit no wrongdoing nor any liability with respect to PLAINTIFF'S allegations; and

WHEREAS, PLAINTIFF and DEFENDANTS wish to compromise and settle all of their respective claims against the other relating to the Lawsuit.

NOW THEREFORE, in consideration of the foregoing and in consideration of the covenants, warranties and promises set forth below, receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

## AGREEMENT

1. **Consideration.** The Parties are entering into this Agreement and Release in exchange for good and valuable consideration. PLAINTIFF will not seek any further consideration from DEFENDANTS, including but not limited to any monetary payment, beyond that which is set forth in Section 2 of this Agreement.

2. **Settlement Compensation.** In consideration of the release and other obligations entered into by the Parties pursuant to this Agreement, the DEFENDANTS shall issue the following payments (collectively, the "Settlement Payments"), totaling TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), to the PLAINTIFF, to be paid as follows:

   A. To Xiomara Perez Salguero, one check in the gross amount of $8,065.00, less standard withholdings/deductions for employees, representing payment for alleged unpaid wages, for which she will receive an IRS Form W-2;

   B. To Xiomara Perez Salguero, one check in the gross amount of $8,065.00, representing payment for alleged liquidated damages, for which she will receive an IRS Form 1099;

   C. To Stillman Legal PC, one check in the gross amount of $8,870.00 for litigation expenses, which includes costs of $537.00, and attorneys' fees and costs of 33.33% of the total Settlement Payments, for which counsel will receive an IRS Form 1099.

Without limiting the terms of this Agreement, the Parties hereto acknowledge that the Settlement Payments are in full and final disposition and complete satisfaction of any and all claims against DEFENDANTS by PLAINTIFF, including, but not limited to, claims for attorneys' fees, disbursements and costs. PLAINTIFF expressly directs DEFENDANTS to make the Settlement Payments, as detailed above, to her legal counsel, acknowledges that receipt of the Settlement Payments by her legal counsel constitutes receipt thereof by PLAINTIFF, and acknowledges that the Settlement Payments constitute an accord and satisfaction.

3. **Delivery.** All checks shall be sent to PLAINTIFF's legal counsel at:

> STILLMAN LEGAL PC
> 42 Broadway, 12th Floor
> New York, New York 10004

PLAINTIFF's legal counsel shall notify DEFENDANTS' legal counsel immediately upon receipt of all checks.

4. **Timing.** DEFENDANTS shall pay the PLAINTIFF the total sum of TWENTY FIVE THOUSAND DOLLARS ($25,000.00), as set forth in Section 2 herein within thirty (30) days after the last to occur of (a) the receipt by DEFENDANTS' legal counsel of a copy of this Agreement signed by PLAINTIFF, (b) the receipt by counsel for each Party of the Court Order approving this Agreement as fair and reasonable; and (c) the receipt by DEFENDANTS' legal counsel of properly completed and executed IRS Forms W-4 and W-9 from the PLAINTIFF, and a properly completed and executed IRS Form W-9 from Stillman Legal PC.

5. **Other Payments.** Except as provided in this Agreement, no other payments are owed to the PLAINTIFF.

6. **Taxes.** The PLAINTIFF shall pay all federal, state and/or local taxes, if any, which are required by law to be paid by her with respect to this settlement in a timely fashion. In the event DEFENDANTS become liable to any government entity for payment of any taxes, or fines related to unpaid taxes, for any amounts that PLAINTIFF was responsible to pay in respect of the Settlement Payments as set forth in Section 2 of this Agreement, PLAINTIFF will indemnify DEFENDANTS for any such taxes or fines, as well as reasonable costs and reasonable attorneys' fees incurred by the DEFENDANTS.

7. **Release of All Fair Labor Standards Act And New York Labor Law Related Claims.** In consideration for the foregoing, PLAINTIFF, on her behalf and on behalf of her dependents, heirs, executors, administrators, legal and/or personal representatives, successors, assigns and agents (collectively, "RELEASOR), does hereby knowingly, voluntarily, unconditionally and irrevocably **WAIVE, RELEASE** and **FOREVER DISCHARGE** DEFENDANTS, and each and every one of their divisions, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities, predecessors, successors, management companies, assigns, officers, directors, trustees, employees, agents, shareholders, administrators, representatives, attorneys, insurers or fiduciaries, past, present or future (collectively, "RELEASEES"), from any and all claims, rights, liabilities, debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits or causes known or unknown, suspected or

2

unsuspected, arising solely under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*, as amended ("FLSA"), and related regulations, the New York Labor Law and related regulations promulgated by the NYS Commissioner of Labor ("NYLL"), for any and all FLSA and NYLL wage-and-hour claims arising out of PLAINTIFF'S employment with DEFENDANTS, up to and including the date RELEASOR signs this Agreement, whether known or unknown, whether contingent or non-contingent, specifically asserted or not, which the RELEASOR may assert anywhere in the world against the RELEASEES, or any of them including by not limited to, alleged unpaid wages, unpaid minimum wage, unpaid overtime compensation, failure to provide required notices and/or wage statements, improper deductions, spread of hours, liquidated damages, interest, costs, penalties or attorneys' fees under any federal, state or local laws, based upon any conduct occurring from the beginning of PLAINTIFF'S employment with DEFENDANTS to the date of the RELEASOR'S execution of this Agreement ("Wage Claims").

Without limiting the terms of this Agreement, the Parties hereto acknowledge that the Settlement Payments are in full and final disposition and complete satisfaction of any and all Wage Claims against DEFENDANTS by PLAINTIFF including, but not limited to claims for attorneys' fees, disbursements and costs.

PLAINTIFF represents and covenants that she has not filed, and will not file, any complaint, claim or suit against DEFENDANTS relating to her employment in any judicial or administrative forum, including but not limited to any state or federal court in New York; the United States Department of Labor, or the New York State Department of Labor, regarding the Wage Claims and/or alleging a violation of the FLSA and/or the NYLL by DEFENDANTS.

PLAINTIFF waives any right or ability to be a class or collective action representative or otherwise to participate in any putative or certified class, collective or multi-party action or proceeding, or accept any relief or recovery from or against DEFENDANTS based on any FLSA and/or NYLL claim in which any DEFENDANT is a party or concerning any Wage Claims released by this Agreement. In the event any class or collective action is brought against any DEFENDANT pursuant to the FLSA and/or the NYLL, which includes or may include PLAINTIFF, then PLAINTIFF, upon learning of her inclusion in any such action or proceeding, shall within a reasonable time (not to exceed two (2) weeks) withdraw therefrom without obtaining or accepting any relief or recovery.

The release contained in this Section 7 does not extend to (i) any subsequent action or proceeding to enforce this Agreement; (ii) any claim not covered in this Section 7; or (iii) any claims that cannot lawfully be waived or released.

8. **Dismissal.** Within five (5) business days of the receipt by PLAINTIFF'S legal counsel of the Settlement Payments as set forth in Section 2 herein, PLAINTIFF'S legal counsel shall file with the Court a Stipulation, in the same form as attached hereto as Exhibit "A," discontinuing the Lawsuit with prejudice.

9. ***Bona Fide* Dispute.** This Agreement is in settlement of disputed claims. The Parties acknowledge that there is a *bona fide* dispute as to whether PLAINTIFF could prevail on the merits of her claims in the Lawsuit, and that the Settlement Payments being made as set forth herein represent a fair and reasonable resolution to this *bona fide* dispute.

10. **Non-Disparagement.**

   A. Other than: (i) truthful statements about PLAINTIFF's allegations and experiences in this Lawsuit; and/or (ii) truthful statements made in response to due legal process, PLAINTIFF shall not make any derogatory, disparaging, defamatory statement, or any untruthful statement about DEFENDANTS, whether by electronic, written or oral means, to any person, including, but not limited to, the press, the internet and social media.

   B. Other than: (i) truthful statements about DEFENDANTS' denials and experiences in this Lawsuit; and/or (ii) truthful statements made in response to due legal process, DEFENDANTS shall not make any derogatory, disparaging, defamatory statement, or any untruthful statement about PLAINTIFF, whether by electronic, written or oral means, to any person, including, but not limited to, the press, the internet and social media.

   C. Nothing in this Agreement shall be construed to keep the terms and conditions of this Agreement confidential.

11. **Advice of Counsel.** All Parties acknowledge that they have had an opportunity to receive advice about the terms and legal effects of this Agreement from counsel of their choosing. PLAINTIFF hereby represents that she has consulted her attorney(s) about this Agreement before signing it.

12. **Governing Law and Interpretation.** The Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision.

13. **Exclusive Jurisdiction.** Any claim, dispute, or disagreement arising under or in any way relating to this Agreement shall be submitted to a New York State Court of competent jurisdiction located in New York, or the Federal District Court for the Southern District of New York. Such courts shall have exclusive jurisdiction over such claim, dispute or disagreement, and the Parties consent to the personal jurisdiction of those courts.

14. **Non-Admission of Wrongdoing.** Neither this Agreement nor the furnishing of any consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either Party of any liability or unlawful conduct.

15. **Absence of Reliance.** The Parties acknowledge that in executing this Agreement, they have not relied in any way upon representations or statements of the other Party, other than those representations or statements set forth in this Agreement.

16. **Entire Agreement.** This Agreement, including any and all Exhibits, set forth the entire agreement between the Parties, and supersedes any prior contracts, agreements, or understandings between the Parties.

17. **Severability.** In the event any provision contained in this Agreement shall be determined to be invalid, illegal or otherwise unenforceable, all remaining provisions in this Agreement shall remain in full force and effect. Should the release language be null and void, the Parties will execute a new or supplemental agreement that will correct this failing, without receiving any additional consideration because this Agreement was provided with the expectation that it would be fully enforceable.

18. **Section Headings.** The section headings are solely for convenience of reference and shall not in any way affect the interpretation of this Agreement.

19. **Counterparts/Electronic/Electronic Signature.** The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if PLAINTIFF and DEFENDANTS have signed the same instrument. Any Party may execute this Agreement by physically signing on the designated signature block below and transmitting that signature page *via* facsimile and/or email to counsel for the other Party. Any signature made and transmitted by facsimile and/or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile.

20. **Notices.** Any notice or communication that the Parties desire to give or are required to give to the other(s) shall be in writing and sent by both "overnight" or "one-day" mailing service addressed to such other Party at the address(es) set forth below, and via e-mail to the DEFENDANTS' legal counsel. Notice shall be deemed communicated from the date of actual receipt of the overnight delivery. The addresses for notice are as follows, unless otherwise specified:

| PARTY | ADDRESS |
|---|---|
| Defendants | Regina E. Faul, Esq.<br>PHILLIPS NIZER LLP<br>485 Lexington Avenue, 14th Floor<br>New York, New York 10017<br>RFaul@phillipsnizer.com |
| Plaintiff | Lina Stillman, Esq.<br>STILLMAN LEGAL PC<br>42 Broadway, 12th Floor<br>New York, New York 10004<br>ls@stillmanlegalpc.com |

**THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.**

**THE PLAINTIFF ACKNOWLEDGES THAT THIS AGREEMENT WAS TRANSLATED INTO A LANGUAGE UNDERSTOOD BY PLAINTIFF, THAT SHE HAS HAD THE OPPORTUNITY TO REVIEW AND CONSIDER THE TERMS AND PROVISION OF THIS AGREEMENT, AND THAT SHE HAS CONSULTED WITH HER LEGAL COUNSEL BEFORE SIGNING THIS AGREEMENT.**

**THIS IS A LEGAL DOCUMENT – READ CAREFULLY BEFORE SIGNING.**

The Parties knowingly, voluntarily and with the approval of their counsel executed this Agreement as of the date set forth below:

_____        Dated: June 1st, 2022
Xiomara Perez Salguero


STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF Kings       )

On the 1st day of June, 2022, before me, the undersigned notary public, personally appeared Xiomara Perez Salguero, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

LINA M FRANCO
NOTARY PUBLIC STATE OF NEW YORK
KINGS COUNTY
LIC. # 02FR6276754
COMM. EXP. 2/21/26

_____    Dated: 5/23/22
Michelle Worob


STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF Rockland   )

On the 23rd day of May, 2022, before me, the undersigned notary public, personally appeared Michelle Worob, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.


_____
Siobhan J. O'Grady
Notary Public

SIOBHAN O'GRADY
Notary Public-State of New York
No. 02OG6134549
Qualified in Rockland County
Commission Expires Oct. 03, 20__
12/17/25


CM ENTERPRISES OF ROCKLAND, INC.    Dated: 5/23/22

By: Michelle Worob, President
Title: PRESIDENT


STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF Rockland   )

On the 23rd day of May, 2022, before me, the undersigned notary public, personally appeared Michelle Worob, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.


_____
Siobhan J. O'Grady
Notary Public

SIOBHAN O'GRADY
Notary Public-State of New York
No. 02OG6134549
Qualified in Rockland County
Commission Expires Oct. 03, 20__
12/17/25